✓ FILED ___ LODGED
___ RECEIVED ___ COPY
MAR 2 2 2022
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Assistant United States Attorney
Arizona State Bar No. 027236
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: brett.day@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1.<br><br>2. Cesar Augusto Ruano Lopez,<br>(Counts 1, 8 and 9)<br><br>Defendants. | No. CR 21-00446-002-PHX-DLR<br><br>**SUPERSEDING INDICTMENT**<br><br>VIO: 18 U.S.C. § 371<br>(Conspiracy)<br>Count 1<br><br>18 U.S.C. § 924(a)(1)(A)<br>(False Statement During Purchase of a Firearm)<br>Counts 2 - 8<br><br>18 U.S.C. §§ 922(a)(6) & 924(a)(2)<br>(Making Material False Statement in Connection With the Acquisition of a Firearm)<br>Count 9<br><br>18 U.S.C. §§ 924(d) and 981;<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

**COUNT 1**

On or about June 2, 2020, and continuing through June 3, 2020, in the District of Arizona and elsewhere, Defendants ZUKY SARABIA and CESAR AUGUSTO RUANO

LOPEZ, and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree together to commit offenses against the United States, that is: (a) in connection with the acquisition of a firearm from a dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly make a false statement and representation to the dealer of firearms, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the dealer of firearms, in violation of Title 18, United States Code, Section 924(a)(1)(A); and (b) in connection with the acquisition of a firearm from a dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, to knowingly made a false and fictitious written statement to the dealer of firearms, which statement was intended and likely to deceive the dealer of firearms as to a fact material to the lawfulness of such sale, in that the purchaser of the firearm stated that he/she was the actual transferee/buyer of the firearm when in fact he/she was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**Purpose of the Conspiracy**

The purpose of this conspiracy was (a) to make a material false statement in connection with the acquisition of firearms; and (b) to obtain firearms from a licensed dealer of firearms by means of knowingly false statements and representations that concealed the identity of the true purchaser of the firearms and the correct address from the records the dealer was required to maintain.

**The Means and Methods of the Conspiracy**

The means and methods employed by Defendants ZUKY SARABIA and CESAR AUGUSTO RUANO LOPEZ to carry out the conspiracy and effect its unlawful objects are as follows:

Defendant ZUKY SARABIA recruited Defendant CESAR AUGUSTO RUANO LOPEZ to purchase four Kel-Tec PMR30 .22 caliber pistols on her behalf from a federal firearms licensee. It was a further part of the conspiracy that Defendant CESAR AUGUSTO

RUANO LOPEZ would make false statements and representations on the ATF Form 4473 regarding the true purchaser of each of the firearms and the correct address. It was a further part of the conspiracy that Defendant CESAR AUGUSTO RUANO LOPEZ would provide the firearms to Defendant ZUKY SARABIA following their purchase.

**Overt Acts**

In furtherance of the conspiracy, one or more of the co-conspirators committed, or caused to be committed, the overt acts described below:

On June 2, 2020, Defendant ZUKY SARABIA called FFL Cal-Ranch Stores and inquired about purchasing all the Kel-Tec PMR 30 pistols the store had in stock. A store employee informed Defendant ZUKY SARABIA that the store had four such pistols in stock.

Later on June 2, 2020, Defendants ZUKY SARABIA drove Defendant CESAR AUGUSTO RUANO LOPEZ to the FFL to purchase the four firearms. At that time, Defendant CESAR AUGUSTO RUANO LOPEZ completed an ATF Form 4473 and made false statements and representations on the ATF Form 4473 regarding the true purchaser of the firearms and the correct address. A store employee informed Defendant CESAR AUGUSTO RUANO LOPEZ that his background check was "delayed," and the store would contact him when his background check passed.

On June 3, 2020, a store employee contacted Defendant CESAR AUGUSTO RUANO LOPEZ to inform that his background check had passed.

Later on June 3, 2020, Defendant ZUKY SARABIA again drove Defendant CESAR AUGUSTO RUANO LOPEZ, along with her juvenile daughter, to the FFL to obtain the firearms. Defendant CESAR AUGUSTO RUANO LOPEZ entered the FFL alone and upon attempting to obtain the firearms, was informed that he was $140 short on the payment. Defendant CESAR AUGUSTO RUANO LOPEZ then texted Defendant ZUKY SARABIA in the parking lot, and Defendant ZUKY SARABIA then sent her juvenile daughter into the store to provide the remaining $140 in cash to Defendant CESAR AUGUSTO RUANO LOPEZ.

Defendant CESAR AUGUSTO RUANO LOPEZ then completed the purchase, exited the store, and placed the four firearms in the trunk of Defendant ZUKY SARABIA's vehicle. Defendant ZUKY SARABIA and Defendant CESAR AUGUSTO RUANO LOPEZ then departed together, and shortly thereafter, Defendant ZUKY SARABIA dropped off Defendant CESAR AUGUSTO RUANO LOPEZ at his residence at 327 Aquila Street, San Luis, Arizona.

Defendant ZUKY SARABIA then departed Defendant CESAR AUGUSTO RUANO LOPEZ's residence, with the firearms in the trunk of her vehicle, and headed toward her residence where she was encountered by law enforcement.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**

On or about February 5, 2020, in the District of Arizona, Defendant ZUKY SARABIA knowingly made a false statement and representation to Jones & Jones, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant executed a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Report, stating she resided at an address at 1522 Kennedy Lane in San Luis, Arizona, whereas in truth and fact, Defendant knew that she resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 3**

On or about February 20, 2020, in the District of Arizona, Defendant ZUKY SARABIA knowingly made a false statement and representation to Jones & Jones, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant executed a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Report, stating she resided at an address at 1522 Kennedy Lane in San Luis,

Arizona, whereas in truth and fact, Defendant knew that she resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 4**

On or about March 9, 2020, in the District of Arizona, Defendant ZUKY SARABIA knowingly made a false statement and representation to Jones & Jones, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant executed a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Report, stating she was the actual buyer of the firearms, whereas in truth and fact, Defendant knew she was buying the firearms on behalf of another person.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 5**

On or about March 16, 2020, in the District of Arizona, Defendant ZUKY SARABIA knowingly made a false statement and representation to Jones & Jones, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant executed a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Report, stating she resided at an address at 1522 Kennedy Lane in San Luis, Arizona, whereas in truth and fact, Defendant knew that she resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 6**

On or about March 24, 2020, in the District of Arizona, Defendant ZUKY SARABIA knowingly made a false statement and representation to Jones & Jones, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant executed a Department

of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Report, stating she resided at an address at 1522 Kennedy Lane in San Luis, Arizona, whereas in truth and fact, Defendant knew that she resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 7**

On or about March 30, 2020, in the District of Arizona, Defendant ZUKY SARABIA knowingly made a false statement and representation to Jones & Jones, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones & Jones, in that Defendant executed a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Report, stating she resided at an address at 1522 Kennedy Lane in San Luis, Arizona, whereas in truth and fact, Defendant knew that she resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 8**

On or about June 2, 2020, in the District of Arizona, Defendant CESAR AUGUSTO RUANO LOPEZ knowingly made a false statement and representation to CAL Ranch Stores, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of CAL Ranch Stores, in that Defendant CESAR AUGUSTO RUANO LOPEZ executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record, stating that Defendant CESAR AUGUSTO RUANO LOPEZ resided at an address on Rangel Avenue in San Luis, Arizona, whereas in truth and fact, Defendant CESAR AUGUSTO RUANO LOPEZ knew that he resided at a different address.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

**COUNT 9**

On or about June 2, 2020, in the District of Arizona, Defendant CESAR AUGUSTO

RUANO LOPEZ knowingly made a false statement and representation in connection with the acquisition of a firearm to CAL Ranch Stores, which was intended and likely to deceive the business as to a fact material to the lawfulness of a sale of a firearm by CAL Ranch Stores, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of CAL Ranch Stores, in that Defendant CESAR AUGUSTO RUANO LOPEZ executed a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record, stating that he was the actual buyer or transferee of the firearm(s), and was not buying the firearm(s) on behalf of another person, whereas in truth and fact, Defendant CESAR AUGUSTO RUANO LOPEZ knew that he was buying the firearm(s) on behalf of another person.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

**FORFEITURE ALLEGATION**

The Grand Jury realleges and incorporates the allegations of Counts 1 through 9 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 9 of this Indictment, the defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

S/
FOREPERSON OF THE GRAND JURY
Date: March 22, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

S/
BRETT A. DAY
Assistant U.S. Attorney