**JUAN L. ROCHA**
Rocha Law Firm
Arizona Bar No. 025039
P.O. Box 5965
Mesa, AZ 85211
Tel: (480) 855-1759
Fax: (855) 327-4858
jrocha.law@gmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CESAR AUGUSTO RUANO LOPEZ,<br>Defendant. | CR21-00446-PHX-DLR-PHX<br><br>MOTION TO DISMISS COUNT 9 OF THE INDICTMENT UNDER THE FIFTH AMENDMENT DUE PROCESS CLAUSE |

Defendant, Mr. Cesary Augusto Ruano Lopez, by and through undersigned counsel, moves the Court to dismiss Count 9 of the Indictment because it violates the Fifth Amendment's Due Process Clause because it is overbroad as applied to him.

It is expected that excludable delay under Title 18 U.S.C. §3161(h)(7)(A) will not occur as a result of this motion or from an order based thereon.

RESPECTFULLY SUBMITTED: April 19, 2020.

*/s/ Juan L. Rocha*
**JUAN L. ROCHA**
Attorney for Defendant

## RELEVANT FACTUAL BACKGROUND

On June 2, 20202, Defendant Ruano Lopez purchased four firearms at a gun store in Yuma, Arizona. Due to a background check, the store clerk asked me to return the following day. He returned and the clerk handed him the firearms. Before doing so, Defendant Ruano Lopez was required to complete ATF 4473. ATF 4473 asks: "Are you the actual transferee/buyer of the firearm(s) listed on this form?" In bold face writing the next sentence states: "Warning: You are not the actual transferee/buy if you are acquiring the firearm(s) on behalf of another person."[1] Defendant Ruano Lopez marked that he was the actual transferee/buyer of the firearm.

On the day he picked up his firearms from the gun store, ATF agents arrested him on suspicion that he had engaged in a "straw purchase,"–buying the gun on behalf of someone else. Later the government filed a superseding indictment alleging that Defendant Ruano Lopez had "knowingly made a false statement and representation in connection with the acquisition of a firearm" to the gun store, "which was intended and likely to deceive the business as to a fact to the lawfulness of a sale of a firearm" by the gun store. It further alleges that he stated he "was the actual buyer or transferee of the firearm(s) and was not buying the firearm(s) on behalf of another person, whereas in truth and fact, Defendant Cesar Augusto Ruano Lopez knew that he was buying the firearm(s) on behalf of another person, in violation of 18 U.S.C. 922(a)(6).

---

[1] 18 U.S.C. § 922(a)(6): "It shall be unlawful for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under this provisions of this chapter."

Defendant Ruano Lopez now challenges Count 9 of the Indictment because it violates the Fifth Amendment's Due Process Clause since the statute as applied to him is overbroad.

## LEGAL PRINCIPLES

A statute or regulation is impermissibly vague under the Due Process Clause of the Fifth Amendment if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) *(quoting United States v. Williams*, 553 U.S. 285, 304 (2008). "We consider whether a statute is vague as applied to the particular facts at issue, for '[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Humanitarian Law Project*, 561 U.S. at 18–19, (*quoting Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 495 (1982). So long as the challenged terms "are clear in their application to [the defendant's] conduct ... [his] vagueness challenge must fail." *Humanitarian Law Project*, 561 U.S. at 21

"An as-applied challenge contends that the law is unconstitutional as applied to the litigant's particular speech activity, even though the law may be capable of valid application to others." *Foti v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998).

## DISCUSSION

The first question on ATF 4473 asks: "Are you the actual purchaser of this firearm?" The question does not ask if the person will be the owner because a person can buy it as a gift. Indeed, it is very common in Yuma, Arizona for parents, for example, to buy firearms for their youth hunters. In fact, when Defendant Ruano Lopez was asked what he planned to do with the weapons he told ATF agents that he was "going shooting" with his children. He told agents that his children would inherent the firearms when they were older. Whatever the case, a person can purchase a firearm and give it to someone without any expectation of compensation. A gift, in other words, is not a straw purchase. This does not make it criminal. The first question on ATF 4473, however, does not give fair notice of what

is impermissible or illegal conduct. A person could be arrested if they immediately turn over the gun to a friend, a relative, or their children if he or she simply marks that he was the actual buyer of the firearm.

The "classic" straw purchase is when somebody gives a person money to go into a gun store and buy a firearm for them since the person giving the money cannot legally do so. Indeed, one can buy a firearm and give it to a totally random person, walk out of the store and as long as the person the purchaser is given the gun to is not a prohibited person, is not illegal. Put simply, a straw purchase is when an individual purposefully has another fill out the 4473 to purchase the firearm for them because they were not eligible. But given the firearm to a relative, friend, or random stranger would fall under this provision and thus criminalize otherwise lawful conduct.

Whether a provision is vague for lack of fair notice is an objective inquiry." *Kashem v. Barr*, 941 F.3d 358, 371 (9th Cir. 2019). Here, Defendant Ruano Lopez was not given adequate notice. The relevant inquiry is whether the law gives "a person of ordinary intelligence fair notice of what is prohibited," not whether the person being prosecuted or held liable under the statute actually received a warning that alerted him or her that their behavior was subject to the statute. *United States v. Williams*, 553 U.S. 285, 304 (2008). Hence, the question is whether a reasonable person would have known that Defendant Ruano Lopez's alleged conduct fell within § 922(a)(6)'s criteria. Due process requires "that laws give [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104 (1972). The doctrine helps guard against arbitrary or discriminatory law enforcement by "insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." *Sessions v. Dimaya*, 584 U.S. -- (2018), 138 S.Ct. 1204.

Defendant Ruano Lopez contends that § 922(a)(6)'s phrase "knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer or collector with respect to any fact material to the lawfulness of the

sale or other disposition of such firearm or ammunition under this provisions of this chapter" is vague because it (1) does not inform an ordinary person of average intelligence constitutes a "likely to deceive" and (2) fails to specify what conduct is excluded from the statute, namely, gifts. Defendant Ruano Lopez did not exhibit a false document, so the only question was whether the written statement, ATF 4473, was false. Because of the statute's language is overbroad, it did not provide him with fair notice of criminal conduct. Accordingly, the statute is overly vague as it applies to him because it does not give clear notice that a reasonably ascertainable standard of conduct is mandated. The facts of the case show that it is unclear that he was committing an offense. He was the actual buyer of the firearm. He paid for it using his own funds. Defendant was not given fair notice that his statement on ATF 4473 was somehow false, despite him having the right to gift to another person. A reasonable person in his position would have to "guess" whether he needed to wait one day to give away the gun or one week to gift the gun or whether he could gift it all. According to the ATF report, Defendant Ruano Lopez told agents he bought the weapon with his own firearm.

Someone in Defendant's position would not know that the metal cylinder found in the garage functioned to "silence, muffle, or diminish," and thus qualified as a "silencer" within the meaning of Section 921(a)(24).

RESPECTFULLY SUBMITTED: April 19, 2020.

*/s/ Juan L. Rocha*
**JUAN L. ROCHA**
Attorney for Defendant

ECF Copy to:
Brett Day
Assistant United States Attorney