**JUAN L. ROCHA**
Rocha Law Firm
Arizona Bar No. 025039
P.O. Box 5965
Mesa, AZ 85211
Tel: (480) 855-1759
Fax: (855) 327-4858
jrocha.law@gmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CESAR AUGUSTO RUANO-LOPEZ,<br><br>Defendant. | CR21-00446-PHX-DLR-002<br><br>MOTION *IN LIMINE* TO PRECLUDE STATEMENTS OF DEFENDANT AND STORE EMPLOYEE AS HEARSAY UNDER RULE 802 & FED. R. EVID. 401 |

Defendant, Mr. Cesar Augusto Ruano-Lopez, by and through undersigned counsel, moves *in limine* to preclude the government from introducing any of her statements during the arrest as hearsay under Rule 802, Hearsay Rule, of the Federal Rules of Criminal Procedure and not relevant under Federal Rule 401.

**FACTUAL BACKGROUND:**

As of this of writing, the government has disclosed incident reports, audio recordings of the interrogation, and drone footage of the surveillance of the co-defendant's vehicle. Besides this information, however, there have been no other reports, video recordings, or the like that have been disclosed to defense counsel, which contain any other statements made by Defendant Ruano-Lopez. According to the incident report, Defendant Ruano-Lopez made statements, at the time of her arrest, namely, about where he was living, that he purchased the firearms with his own funds, and that he was purchasing the weapons for himself to go shooting with his small children.

## Law and Discussion:

Federal Rule 802 states: “Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.”

1. Defendant’s Hearsay Statements Inadmissible

Here, Defendant Ruano-Lopez’s statements are not covered by any of the exceptions to the hearsay, i.e., statement against interest; admission by party opponent. That is to say, his statements did not inculpate him so “that a reasonable person in [her] position would not have made the statement unless believing it to be true.” As such, the government should be precluded from introducing these statements at trial.

2. Hearsay Statements Made by Others Inadmissible

According to the police reports, agents “received a tip” from an employee from the gun store in Yuma, Arizona belonging to a Robert. The report states that “an unknown female” was on the line inquiring about particular weapons. It further states “it was obvious to the employee the caller was not familiar with firearms.” According to the employee of the gun store, “as the caller was going to hang up, the employee could hear a male subject in the background yelling at the female to ‘call them back.’” Apparently the “female redialed and asked how many Kel-Tec’s were in stock.” It notes that the following day, June 2, 2020, an “unknown female arrived” at the gun store. For whatever reason, the employee jotted down the license plate of the vehicle, even though he reported no illicit activity. Further still, the report describes that an “employee stated Ruano came into the store and was short on cash, Ruano sent a text message using his cellular phone.”

The employee’s statements to police are hearsay (and not relevant). First, the government has never disclosed the identity of the employee. Second, the government has never laid foundation that only people who are familiar with weapons buy weapons or that being a neophyte of weapons is suspicious behavior. So, that it was “obvious” to the employee that the caller was unfamiliar with the weapons” has no probative value. Next, that he heard a “male in the background” is hearsay and irrelevant. The government has never

established a nexus between the caller and the Defendant or the Co-Defendant. In fact, there is no transcription of the call. Additionally, the employee described that the Defendant came into the store and was short on cash and then used his phone to text message is hearsay and irrelevant. Unless the employee saw Defendant's cell phone, he had no idea who or why Defendant was text messaging. Moreover, the police confiscated Defendant's phone. As of this writing, the government has never disclosed a search warrant for the cell phone or its contents, so any information culled from the phone is inadmissible and hearsay. (If the government were to disclose the search warrant, counsel would ask the court for leave to file a motion to suppress the warrant.)

Defendant Ruano-Lopez, therefore, requests that the Court preclude these hearsay statements, *in limine*, as hearsay under Fed. R. Evid. 802 and irrelevant under Fed. R. 401.

RESPECTFULLY SUBMITTED: April 19, 2022.

*/s/ Juan L. Rocha*
**JUAN L. ROCHA**
Attorney for Defendant

ECF Copy to:

Brett Day
Assistant United States Attorney