GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Arizona State Bar No. 027236
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Brett.Day@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Cesar Augusto Ruano Lopez,<br>Defendant. | CR-21-0446-002-PHX-DLR<br><br>**CONSOLIDATED RESPONSE TO DEFENDANT'S PRE-TRIAL MOTIONS**<br><br>**(Docket 33)** |

The government hereby responds to Defendant's pre-trial motions contained in docket 62 – 65, and docket 67.

## I. Summary of Facts

Between February 5, 2020, and March 30, 2020, co-defendant Zuky SARABIA purchased a total of 25 firearms from Jones & Jones FFL in Yuma, Arizona on 7 separate occasions. Of the 25 firearms purchased, 13 of the firearms were the same Kel-Tec PMR30 .22 caliber pistol. After having been interviewed by ATF agents on multiple occasions, SARABIA then recruited RUANO LOPEZ to purchase 4 additional Kel-Tec PMR30 pistols on June 2.

On June 2, 2020, ATF received a tip from an employee at CAL Ranch Stores that they had received a call from a female inquiring about the purchase of multiple Kel-Tec PMR30 pistols. The employee stated that it was clear the female was not familiar with

firearms, and that there was a male voice in the background yelling at her regarding the firearms to purchase. After the employee correctly identified the firearm for the caller, the female stated that she wanted to "purchase all of them" before even being informed how many were in stock. The employee provided Agents the phone number for the caller which they recognized as SARABIA's phone number from previous contacts.

Later that day, RUANO LOPEZ and an unknown female arrived at the store to purchase the firearms. They arrived in SARABIA's vehicle. In filling out the Form 4473, RUANO LOPEZ provided the address of his ex-wife's residence at on Rangel Avenue in San Luis, Arizona. RUANO LOPEZ's NICS background check was delayed, and he was not able to complete the transaction.

The next day, RUANO LOPEZ's background cleared, and he was informed that he could complete the transaction for the 4 firearms. Agents from ATF and HSI set up surveillance at CAL Ranch Stores awaiting his arrival. SARABIA and RUANO LOPEZ arrived at CAL Ranch Stores in SARBIA's car, along with SARABIA's two juvenile daughters. RUANO LOPEZ entered the store alone, attempted to complete the purchase of the 4 Kel-Tec PMR30 pistols in stock, but was short on cash. RUANO LOPEZ then sent a text message and SARABIA's juvenile daughter then entered the store to provide the $140 in remaining cash to complete the purchase. RUANO LOPEZ then exited the store, placed the firearms in the trunk of SARABIA's vehicle and they exited the parking lot.

Agents then followed the vehicle to RUANO LOPEZ's residence on Aquila Street, San Luis, where he exited the vehicle, leaving the firearms in the trunk of SARABIA's vehicle, which then left. Agents engaged RUANO LOPEZ on the sidewalk outside his residence where he admitted that he was coming from CAL Ranch Stores. He stated that he has known SARABIA's family for years as he used to be employed as a guitar player at SARABIA's family restaurant. RUANO LOPEZ admitted that he used his ex-wife's address on the 4473 and that he has lived at the current address on Aquila Street for the past 3-4 months. RUANO LOPEZ claimed, that despite being currently unemployed, he pulled $1,700 from his 401K account so he could buy the guns to go target shooting with

his kids. He further admitted to leaving the guns with his friend SARABIA. During the encounter, Agents discovered RUANO LOPEZ had $470 in his pocket, which was telling because he did not have enough cash on hand to complete the earlier firearms transaction at the store.

RUANO LOPEZ's landlord confirmed that he has lived at the residence Aquila Street for the past 3 - 4 months. RUANO LOPEZ's wife confirmed he has not lived at her residence on Rangel Avenue since January 2020, and she and the kids have not had contact with him since that time except for occasional Facetime calls with the kids.

While agents were talking to RUANO LOPEZ, other agents followed SARABIA away from the residence and conducted a traffic stop. SARABIA lied and claimed that she was coming from her residence and was taking her two daughters, who were present in the vehicle, to the dentist. Agents asked if there were any firearms in the vehicle, and SARBIA admitted there were 4 firearms in the trunk, and she was holding them for her friend "Jose Pellon." SARABIA claimed that she gave "Jose Pellon" a ride to CAL Ranch Stores the day prior to buy the firearms because they were going target shooting. Later in the conversation SARABIA began to refer to RUANO LOPEZ as "Cesar Pellon." Agents seized the 4 firearms.

## II. Defendant's Motion in *Limine* of Henthorn Materials of Government Agents (Dkt. 62).

Defendant requests that the Court conduct an *in camera* review of the personnel files of all law enforcement agents involved in this case and thereafter to disclose to defense counsel any favorable evidence obtained from the review under *U.S. v. Henthorn*, 931 F2.d 29 (9th Cir. 1991).

Consistent with *U.S. v. Henthorn* the government has requested of the Bureau of Alcohol, Tobacco and Firearms (ATF) to conduct a review of the personnel files of the testifying agents for any derogatory information. Once the results of that review have been received by the government, the government will disclose to the Court for an *in camera* review and determination as to whether the information disclosed is discoverable.

### III. Defendant's Motion in *Limine* to Preclude Mention of Marijuana (Dkt. 63).

Defendant seeks to preclude testimony regarding him possessing a controlled substance, marijuana, at the time of his arrest.

The government does not intend to introduce any evidence of the defendant's use or possession of marijuana.

### IV. Defendant's Motion in *Limine* to Preclude Government Agents from Testifying as Expert Witnesses (Dkt. 64).

Defendant seeks to preclude expert testimony from government agents related to Mexican drug cartels using straw purchasers to obtain high caliber firearms.

The government does not intend to introduce any expert testimony related to Mexican drug cartels or high caliber weapons and their relationship to straw purchases. In fact, this case does not involve any "high caliber" firearms.

### V. Defendant's Motion to Require Government Disclosure (Dkt. 65).

Defendant requests that the government disclose (1) evidence that is material to preparing the defense; (2) evidence the government intends to use in its case-in-chief; and (3) evidence that was obtained from, or belongs to, the defendant. In particular, Defendant requests ATF trace reports about the firearms; search warrants for cell phone and financial records; names of informants; store video surveillance; the names of the gun store employees and whether that employee works with federal agents; any items that were taken from, or belong to defendant; financial records of Defendant; the gun store license or certification; expert witnesses and their summaries; statements of third parties who are not prospective witnesses, including co-defendant's or co-conspirators; and criminal records of co-defendants and government witnesses.

To date the government has disclosed to Defendant all evidence in its possession and will be used in its case-in-chief with one exception. The one exception is the license of the federal firearms licensee which has been requested and will be disclosed upon receipt. The government is in possession of defendant's cell phone, but that device has not been searched by the government and no evidence has been obtained from the device. The

device is available to the defendant if he requests his own independent review. To date, that request has not been made.

To address Defendant's specific requests; the government is not in possession of any ATF trace reports related to the firearms as the firearms were recovered in the possession of the co-defendant shortly after purchase and contemporaneous with the defendant's arrest; this case does not involve any informants; the government is not in possession of any store video surveillance; the names of the gun store employees will be disclosed in the witness list and neither employee works for ATF; the government is not in possession of any financial records of Defendant; the government will not be introducing any expert witnesses; the government has disclosed all statements of the co-defendant, and there are no statements by co-conspirators; the criminal record of co-defendant and witnesses will be disclosed should they testify.

## VI. Defendant's Motion in *Limine* to Preclude Statements of Defendant and Store Employees as Hearsay (Dkt. 67).

Defendant seeks to preclude testimony regarding statements made by Defendant at the time of his arrest, as well as statements by store employees, as hearsay.

The Defendant seeks to preclude his statement at the time of arrest as hearsay. Defendant asserts that the hearsay exception "admission by a party opponent" is inapplicable because his statement did not inculpate him so "that a reasonable person in his position would not have made the statement unless believing it to be true."

The government disagrees and asserts that the exception does apply. Here, the defendant made statements regarding his current address and how long he has lived there. He stated that he lived at an address on Aquila Street, San Luis, Arizona, for the past three to four months. Count 8 of the Superseding Indictment charges the defendant with making a false statement on the Form 4473 related to his address. On the Form 4473 the Defendant stated that his current address was on Rangel Avenue, San Luis, Arizona. As such the government contends that his statements do inculpate the defendant and the hearsay exception for an admission by a party opponent is applicable. As such the government requests that the court overrule this motion.

Defendant also seeks to preclude statements made by employees of the FFL. The government intends to call employees of the FFL as witnesses. During their testimony Defendant can make any relevant objections regarding hearsay and the Court can rule accordingly.

Respectfully submitted this 3rd day of May, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Brett A. Day*
BRETT A. DAY
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Juan Rocha, *Attorney for Defendant.*

*s/ Brett Day*
Brett A. Day
U.S. Attorney's Office